IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, | § § § |
| Plaintiff, | § § § |
| v. | §   C.A. No. 7:15-cv-00072-O |
| | § |
| SHERRIE ANN USELTON, Individually and as the Independent Executrix of the Estate of James Douglas Uselton, Deceased, | § § § § |
| Defendant. | § § |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Genworth Life and Annuity Insurance Company ("Genworth") files this amended complaint against Defendant Sherrie Ann Uselton ("Uselton"), individually and as the Independent Executrix of the Estate of James Douglas Uselton, Deceased, and states:

## INTRODUCTION

1.  In 1985, Genworth issued a structured settlement annuity on James D. Uselton (the "Annuitant") that called for the payment of monthly benefits for his lifetime, with the payments guaranteed for 20 years. Genworth paid the monthly benefits into a bank account, which was jointly owned by the Annuitant and Uselton, from late 1995 through October 2014, when it learned that the Annuitant had died on September 12, 2012. Genworth made demand on Uselton to repay the resulting overpayment of $84,203.96, yet she has failed and refused, and continues to fail and refuse, to repay this amount to Genworth, thus necessitating this action.

## PARTIES

2. **Genworth.**  Genworth is a Virginia corporation with its principal office and place of business in Lynchburg, Virginia.

3. **Uselton.**  Uselton is an individual resident of Wichita County, Texas, and she has already entered an appearance herein.

## JURISDICTION AND VENUE

4. **Jurisdiction.**  The Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Genworth is a citizen of Virginia, and Uselton is a citizen of Texas.  Moreover, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. **Venue.**  Venue is proper in this district and division pursuant to 28 U.S.C. § 1397, as Uselton resides here.

## OPERATIVE FACTS

6. Roughly thirty years ago, the Annuitant and Uselton filed a personal injury action (the "Underlying Lawsuit") against General Motors Corporation ("GM").  By late 1985, the parties to the Lawsuit were discussing settlement, and their negotiations included the purchase of a structured settlement annuity that would pay certain specified periodic payments to the Annuitant.

7. In a structured settlement, the settling defendant (or its insurer) agrees to make one or more future payments and then assigns (with the plaintiff's consent) its payment obligations to a third party, which may then (as happened here) purchase an annuity from yet another entity that provides for the agreed-upon payments.

8. In November 1985, the parties to the Underlying Lawsuit entered into the Compromise Settlement Agreement (the "Settlement Agreement"), in which Royal Insurance

Companies ("Royal") agreed, on GM's behalf, to purchase an annuity from Genworth providing for monthly payments to the Annuitant as follows:

> (1) The sum of ONE THOUSAND FIVE HUNDRED and no/100 DOLLARS ($1,500.00) shall be payable monthly, commencing on December 1, 1985, and shall thereafter be payable on the first day of each month thereafter so long as JAMES D. USELTON shall live. The monthly annuity payment will be compounded annually by three percent (3%).
>
> * * *
>
> (6) In the event JAMES D. USELTON dies before December 1, 2005, then in that event the remaining portion of the payments referred to in sub-paragraphs (1) through (5) above shall be paid to the beneficiary of JAMES D. USELTON as designated by him or, should there be no such beneficiary, to the estate of JAMES D. USELTON, until December 2, 2005, but not thereafter.

Consistent with this provision, Royal submitted the Application for Single Premium Settlement Annuity (the "Application"), in which Royal requested Genworth to issue an immediate life annuity with a certain period of 240 months.

9. Based on the Application, and consistent with the Settlement Agreement, Genworth issued its Single Premium Immediate Life Annuity with Certain Period No. 0430645 (the "Annuity"), which listed Royal as the Owner, identified the Annuitant as the Measuring Life, established a Certain Period of twenty years, and provided that Genworth:

> Will pay the Owner, or such person(s) as the Owner may designate, the annuity payments specified in the Schedule. Annuity payments commence on the Date of First Annuity Payment. They continue to be made on each Payment Date throughout the Certain Period and as long thereafter as the Measuring Life lives. Any payment is subject to the provisions on this and the following pages.
>
> Payments will be made to the Beneficiary if the Measuring Life dies within the Certain Period. Due proof of death must be furnished. Payments to the Beneficiary commence with the first payment due after the death of the Measuring Life and continue throughout the Certain Period. If no beneficiary survives the Measuring Life, payments will be made to the Owner until the end of the Certain Period.

10. In turn, the Schedule Page to the Annuity provided that "monthly annuity payments beyond November 2005, will be made only if the Measuring Life is alive." As such, the Settlement Agreement, the Application, and the Annuity uniformly and unambiguously provided that, in the event the Annuitant lived for longer than twenty years, the monthly payments owed by Genworth would cease upon his death.

11. In December 1985, Genworth began making the monthly payments under the Annuity to the Annuitant. In June 1995, Genworth received the Authorization Agreement for Direct Deposit of Annuity Benefits (the "Authorization"), in which the Annuitant authorized Genworth to direct deposit the payments under the Annuity, and make any necessary debit entries and adjustments for any credit entries in error, into an account at the Nocona Branch of The First National Bank, which account was in the name of both the Annuitant and Uselton. From late 1995 through November 1, 2014, Genworth direct deposited the monthly payments under the Annuity into this account.

12. On October 30, 2014, Genworth learned, for the first time, that the Annuitant had died on September 12, 2012. Since the monthly payments under the Annuity were guaranteed through only the 20-year Certain Period, which ended in late 2005, Genworth's payment obligations had ended with the Annuitant's death. As such, by letter dated October 31, 2014, Genworth informed Uselton that it had stopped the payments under the Annuity and sought recovery of the $87,635.86 that Genworth had paid after the Annuitant's death. Genworth was able to electronically recover the payment for November 1, 2014, reducing the overpayment to $84,203.96.

13. All told, Uselton and/or the Annuitant's estate received $84,203.96, to which they were not entitled and which belongs, in equity and good conscience, to Genworth.

14. Genworth has made demand on Uselton and the Annuitant's estate to repay this overpayment, yet they have failed and refused, and are continuing to fail and refuse, to repay it.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:  MONEY HAD AND RECEIVED

15. Genworth adopts and incorporates by reference paragraphs 1 through 14 above at this point as if same were set forth in full.

16. Genworth paid $84,203.96 in benefits following the Annuitant's death that were not payable under the Annuity.  Even though she knew or should have known that these benefits were not payable, Uselton did not take any steps to notify Genworth of the Annuitant's death; instead, she exercised dominion and control over $84,203.96 that did not, in equity and good conscience, belong to her.  By virtue of Uselton's receipt and wrongful retention of these funds, Genworth has suffered damages in an amount in excess of the minimum jurisdictional limits of this Court, for which it now sues.

### SECOND CAUSE OF ACTION:  UNJUST ENRICHMENT

17. Genworth adopts and incorporates by reference paragraphs 1 through 14 above at this point as if same were set forth in full.

18. Genworth paid $84,203.96 in benefits following the Annuitant's death that were not payable under the Annuity.  Uselton did not take any steps to notify Genworth of the Annuitant's death, and she has been unjustly enriched through her receipt of and continued exercise of dominion and control over those benefits, which did not, in equity and good conscience, belong to her.  By virtue of Uselton's receipt and wrongful retention of these funds, Genworth has suffered damages in an amount far in excess of the minimum jurisdictional limits of this Court, for which it now sues.

### THIRD CAUSE OF ACTION:  RESTITUTION

19.     Genworth adopts and incorporates by reference paragraphs 1 through 14 above at this point as if same were set forth in full.

20.     Genworth paid $84,203.96 in benefits following the Annuitant's death that were not payable under the Annuity.  Even though she knew or should have known that these benefits were not payable, Uselton did not take any steps to notify Genworth of the Annuitant's death; instead, she exercised dominion and control over $84,203.96 that did not, in equity and good conscience, belong to her.  Uselton must thus make restitution of $84,203.96 to Genworth, for which it now sues.

### FOURTH CAUSE OF ACTION:  TEXAS THEFT LIABILITY ACT

21.     Genworth adopts and incorporates by reference paragraphs 1 through 14 above at this point as if same were set forth in full.

22.     Uselton has committed theft by unlawfully exercising control over property with the intent to deprive Genworth of its use, as described in sections 31.01 and 31.03 of the Texas Penal Code.  Uselton knew that she was not entitled to benefits under the Annuity following the Annuitant's death, but she neither notified Genworth of his death nor took any steps to inform Genworth she was not entitled to these benefits.  Genworth has thus sustained damages by virtue of Uselton's wrongful conduct and is entitled to recover its actual damages of $84,203.96, for which it now sues.

### FIFTH CAUSE OF ACTION:  ATTORNEY'S FEES

23.     Genworth adopts and incorporates by reference paragraphs 1 through 14 above at this point as if same were set forth in full.

24. As a result of Uselton's wrongful acts and omissions, Genworth retained the undersigned attorneys to represent it and agreed to pay their reasonable and necessary fees. Genworth seeks recovery of its reasonable and necessary attorney's fees, court costs, and expenses through trial and all appeals under applicable Texas law.

## MISCELLANEOUS

25. All conditions precedent to the filing of Genworth's claims in this action have been performed by it, have already occurred, or have otherwise been met, waived, or satisfied.

26. By filing these claims, Genworth does not waive or release any rights, claims, causes of action, or defenses, or make any election of remedies, but rather expressly reserves all such rights, claims, causes of action, and defenses, whether or not the same have been asserted or may hereafter be asserted in this or any other proceeding.

## REQUEST FOR RELIEF

27. **Prayer.** Genworth respectfully requests the following relief:

   (a) That the Court award judgment against Uselton for Genworth's actual damages;

   (b) That Genworth recover its attorney's fees, court costs, and expenses (including, but not limited to, expert witness fees and expenses) incurred through the trial of this cause and any appeal;

   (c) That Genworth recover pre- and post-judgment interest at the highest rate and to the maximum extent permitted by law; and

   (d) That Genworth have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

        Respectfully submitted,

        FIGARI + DAVENPORT, LLP

        By: /s/ Andrew C. Whitaker
            Andrew C. Whitaker
            State Bar No. 21273600
            andrew.whitaker@figdav.com

        901 Main Street, Suite 3400
        Dallas, Texas 75202
        (214) 939-2000
        (214) 939-2090 (telecopy)

        ATTORNEYS FOR PLAINTIFF
        GENWORTH LIFE AND ANNUITY
        INSURANCE COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that, on August 27, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant: Mr. Monte J. White, Monte J. White & Associates, P.C., 1106 Brook Avenue, Wichita Falls, Texas 76301.

        /s/ Andrew C. Whitaker
        Andrew C. Whitaker